## JOYCE v. CITY OF MT. VERNON.
### (No. 1578.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 24, 1916.)

1. DEEDS ☞155 — CONDITIONS — CONSTRUCTION OF DEED.

A deed donating land to the trustees of a town for the purpose of building an academy and providing that if such trustees laid off the land into lots and sold them and applied the proceeds to the building of an academy, then the grantors relinquished their right, title, and interest, did not show an intention to make the application of the proceeds to the construction of the academy a condition precedent to the vesting of title in the trustees and the title vested when the land was subdivided into lots, as otherwise the trustees would have no title which they could convey upon contemplated sales.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 488–495; Dec. Dig. ☞155.]

2. MUNICIPAL CORPORATIONS ☞42 — TOWN SITES—EVIDENCE—PLATS.

A copy of a plat claimed to be a plat of a town site showed that the blocks east of R. street were numbered consecutively from 1 to 15, that those west of R. street were numbered from 15 to 24, that those between R. street and T. street, one block west, were numbered 15, 18, 19, 22, and 23, while those west of T. street were numbered 16, 17, 20, 21, and 24. Another plat claimed to be a plat of the town site showed the west side of T. street as the boundary line of the town site, thus omitting the blocks west of T. street and showing the other blocks to be numbered as shown on the first plat. Held, that the numbering indicated that the blocks were all a part of one subdivision, and that if those shown on the second plat were a part of the original town site, those west of T. street were also a part of it, and hence a judgment based upon a finding that the west line of T. street was the west line of the town site was unsupported by and contrary to the evidence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 118, 119; Dec. Dig. ☞42.]

3. EVIDENCE ☞379 — DOCUMENTARY EVIDENCE—MAPS AND PLATS.

A plat claimed to be a plat of a town site which was either copied from another plat, the authenticity of which was not proved and the absence of which was not accounted for, or was based on a survey not made in conformity to the subdivision of the land made by the town trustees and made from no data except the old plat mentioned and the field notes set out in the deed of the town site to the town trustees, was inadmissible in evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1656; Dec. Dig. ☞379.]

4. EVIDENCE ☞379 — DOCUMENTARY EVIDENCE—MAPS AND PLATS.

A plat copied from an alleged plat of a town site which was not shown to be the original or correct plat of the town site or to be lost or destroyed or for other reasons not to be producible, was not admissible, except to show that the land had been laid off into lots, as required by a conveyance of the town site to the town trustees.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1656; Dec. Dig. ☞379.]

Appeal from District Court, Franklin County; J. A. Ward, Judge.

Suit by the City of Mt. Vernon against J. W. Joyce. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

R. T. Wilkinson, of Mt. Vernon, for appellant. L. W. Davidson and B. O. Shurtleff, both of Mt. Vernon, for appellee.

WILLSON, C. J. The suit was by appellee to recover the title and possession of a strip of land claimed by appellant to be a part of block 21 (according to the plat of the town of Mt. Vernon), owned by him, but which appellee claimed to be a part of Taylor street in said town. The trial court found in favor of appellee's contention, and rendered judgment accordingly.

It appeared from the evidence admitted at

the trial that in April, 1849, one Keith and his wife, by a quitclaim deed, donated and conveyed to certain parties as trustees of the town of Mt. Vernon a tract of land 362 varas wide by 383 varas long, describing same by metes and bounds, on conditions stated in the deed as follows:

"We, the said Stephen Keith and Rebecca Keith have donated to the trustees of the town of Mt. Vernon, and their successors in office, the above-described tract of land for the purpose of building an academy for the purpose of promoting education. Now if the said trustees aforesaid lay off said land into lots and sell them and apply the proceeds to the building of said academy, then we, the said Stephen Keith and Rebecca Keith his wife, do relinquish all our right, title and interest, and forever quitclaim to said land."

[1] Appellant insisted in the court below, and insists here, that the testimony was not sufficient to show an acceptance of the donation, and that the deed therefore was inadmissible as evidence; and, further, if the deed was admissible, notwithstanding the absence of proof that the donation had been accepted, that the judgment nevertheless was not warranted because it was not shown, he asserts, that the land was laid off into lots, sold, and the proceeds applied to the building of an academy. It is true, we think, that it was not shown that the proceeds of the sale made of the lots were devoted to the construction of an academy. But if the deed should be construed as requiring the trustees, as a condition precedent to the vesting of title in them, to not only subdivide the land into lots, but also to sell same and use the proceeds in building an academy, the title could never thereby vest in them, for if the deed should be so construed, the trustees, instead of being such for the town of Mt. Vernon, as they were declared therein to be, would be mere agents for the grantors, with power to subdivide and then negotiate sales of the land and use the proceeds in constructing an academy. That such was not the intention of the grantors is clear from the face of the instrument. Evidently their intention was to pass the title to the trustees if and when they laid off the land into lots; for the grantors, it is plain, contemplated a sale, and conveyances of the title by the trustees to purchasers, when the land was subdivided into lots. This could not have been done if the title did not vest in the trustees when they had laid the land off into lots, for they could not have passed to purchasers a title they did not have. The purpose and intent of the parties as evidenced by the language used in the instrument should, of course, control in construing its meaning. That purpose and intent as so disclosed was, we think, to vest the title to the land in the trustees when they subdivided it into lots. If the deed should be so construed, then the question to be determined to disclose appellant's contention with reference to this phase of the case is this: Was there testimony to support a finding that the trustees had the land laid off into lots? If there was such testimony, then, of course, appellant's objection to the admissibility of the deed on the ground that there was not, as well as his contention that the judgment was not warranted because of the absence of such testimony, was without merit. We are of opinion there was testimony to support such a finding, but, as the cause is to be remanded for a new trial, will not discuss it, further than to say that it appeared that as long ago as 1871, at least, the land had been subdivided into lots and streets, and had become and is yet the site of the city of Mt. Vernon. There was no direct testimony that the subdivision was made by the trustees, but the circumstances were such, we think, as to warrant the inference that it was made by them.

The witness Weaver identified a map or plat offered by appellee as evidence as a copy made by him in 1870 or 1871 of a plat of the town of Mt. Vernon, then in the possession of one John A. Brooks. The court admitted the plat over appellant's objection thereto on the grounds: (1) That it was irrelevant, immaterial, and hearsay; and (2) that it had not been shown that the Brooks plat was the original nor a correct plat of the town; and over appellant's objection, on the ground that same was hearsay and immaterial, permitted Weaver to testify that "the people who sold property in Mt. Vernon and who owned property in said town recognized the Brooks plat as a true and correct plat of the town." The plat in question was as follows:

It was shown that in 1897 the commissioners' court of Franklin county employed J. H. King and G. E. Cowan to resurvey the Mt. Vernon site tract of land, and so established the location of the streets and blocks in the town, and that King and Cowan in 1898 reported the result of a survey they had made

to that court, attaching thereto a plat as follows:

Cowan testified that in making the survey he and King used a plat which King obtained from Charlie Vaughan, and which purported to be a copy of the original plat. The Vaughan plat was not offered in evidence and we do not know from the record whether it was like either the King and Cowan plat or the Weaver plat or not. The court admitted as evidence the report, including the plat attached thereto copied above, made by King and Cowan, over appellant's objection thereto on the grounds: (1) That same was immaterial, irrelevant, and hearsay; and (2) that the original plat of the town was the best evidence.

[2-4] The court by his judgment determined that Taylor street was located where it is shown on the King and Cowan plat to be. If his determination is correct, then it is plain that the fractional lots or blocks marked "16," "17," "20," "21," and "24," on the Weaver plat are not a part of the town site. And yet the numbering of those lots or blocks, when looked to in connection with the numbering of the blocks lying immediately east of Taylor street, if it does not show, tends strongly to, that they were a part of that site. The blocks east of Rusk street it will be observed, are numbered consecutively from 1 to 14, inclusive, on each of the plats; and west of Rusk street, consecutively from 15 to 24, inclusive, on the Weaver plat; while on the King and Cowan plat the blocks west of that street, instead of being numbered consecutively, are numbered, respectively, 15, 18, 19, 22, and 23. To our minds the numbering indicates that the lots and blocks numbered from 1 to 24, inclusive, were all a part of one and the same subdivision made of a tract of land, and that if those shown

on the King and Cowan plat were a part of the original town site those numbered 16, 17, 20, 21, and 24 also were a part of it. If they were, then it is plain that the west boundary line of Taylor street is not the west boundary line of the town site tract, as shown by the King and Cowan plat and determined by the court, but that same is east of that line the width, as it may be determined to be, of said lots or blocks numbered 16, 17, 20, 21, and 24. If therefore, we thought the King and Cowan map was admissible as evidence to show the location of Taylor street, we would feel bound to reverse the judgment because unsupported by and contrary to the evidence. But we do not think the plat was admissible. If it was not a copy of the Vaughan plat, the authenticity of which as the original plat was not proven, nor the absence of which was not accounted for, it appeared to have been based on a survey not shown to been in conformity to the subdivision of the Keith land made by the trustees; for the only data, except the Vaughan plat, the testimony showed King and Cowan to have had when they resurveyed the land was the field notes thereof as set out in the deed of the Keiths to trustees. Nor do we think, in the absence, as was the case, of a proper predicate for its introduction as evidence, the Weaver plat was admissible. It was, admittedly, a copy of the Brooks plat, and it was not shown that the Brooks plat had been lost or destroyed, or for other reason was not producible. We know of no rule of evidence which authorized the admission of the Weaver plat for any other purpose than to show that the land had been "laid off into lots," in the absence of proof, showing either directly or circumstantially, that the Brooks plat, of which it was a copy, was the original or a correct plat of the town site tract, and in the absence of further proof showing that it could not be produced as evidence.

If, treating the plats as a part of the evidence, it nevertheless was not sufficient to support the judgment rendered, of course if they should not be considered as a part of it, as we think they should not, the testimony was not sufficient. On that ground, therefore, the judgment will be reversed, and the cause will be remanded for a new trial.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.